UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.J.M.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 19-cv-06862-SVK<br><br>**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>Re: Dkt. No. 27 |

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff filed this lawsuit on October 22, 2019, seeking review of a decision by the Commissioner of the Social Security Administration denying Plaintiff's application for disability benefits. Dkt. 1. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 11, 12. After Plaintiff filed a motion for summary judgment (Dkt. 21), the Parties stipulated to remand the case to the agency for further proceedings, and the Court granted the stipulation. Dkt. 22, 23. The Court subsequently granted the Parties' stipulation to award Plaintiff $7,000.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Dkt. 25, 26.

Now before the Court is a motion for payment of attorney's fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Dkt. 27 (the "Motion"). The Motion states that on remand, Plaintiff was awarded $67,033.00 in past-due Social Security disability benefits in a Notice of Award dated August 28, 2021. Dkt. 27-1 ¶ 5 and Ex. C. Plaintiff had a retainer agreement with the Law Office of Judith S. Leland, which provided for payment of a contingent attorney fee of 25% of past due benefits if approved by the Court pursuant to 42 U.S.C. § 406(b). Dkt. 27-1 ¶ 4 and Ex. B (the "Retainer Agreement"). Judith Leland passed away on January 19, 2021, several months before Plaintiff received the award of past-due benefits. Dkt. 27-1 ¶ 1. The present Motion is brought by Moselle C. Leland Bohorquez and Alexis M. Leland (the "Trustees"), who

state that they are trustees of the estate of Judith Leland and are also licensed to practice law in California. *Id.* ¶ 2 and Ex. B (Certificate of Trustee). The Trustees signed the Retainer Agreement along with Judith Leland. Dkt. 27-1 at Ex. B. One of the Trustees, Moselle C. Leland, also appeared along with Judith Leland on behalf of Plaintiff in this Court prior to remand. *See, e.g.,* Dkt. 1, 21.

The Motion seeks "$15,758.25, which amount constitutes 25% of the past-due benefits less fees already paid through the Social Security Administration." Dkt. 27-1 ¶ 14. The Trustees state that if these fees are awarded, the previously-awarded EAJA fees of $7,000 will be refunded to Plaintiff. *Id.* ¶ 6. The Motion is supported by a declaration of the Trustees that sets forth Judith Leland's experience and qualifications and includes the billing records for this case. *Id.* ¶¶ 7-11 and Exs. E and F.

The Commissioner has not filed an opposition or other response to the Motion. The Trustees served a copy of the Motion on Plaintiff (Dkt. 28), who also has not filed an opposition or other response.

For the reasons discussed below, the Court **GRANTS** the Motion.

## II. LEGAL STANDARD

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the award of past-due benefits resulted not from the court's judgment, but from remand proceedings ordered by the court. *McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *1 (N.D. Cal. Nov. 15, 2018). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, not by the Government. *Id.*

Attorneys specializing in Social Security cases "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees of the representation is successful." *McCullough*,

2018 WL 6002324, at *1 (citing *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009)).

## III. DISCUSSION

As required by 42 U.S.C. § 406(b)(1)(A), the Court must determine whether the amount of requested fees is reasonable. The Motion seeks fees in the amount of $15,758.25, whereas in its notice of award, the Social Security Administration represented that it was withholding a slightly higher amount of Plaintiff's past-due benefits—$16,758.25—which represented 25 percent of past-due benefits, "in case we need to pay your representative." Dkt. 27-1 at Ex. C. The Motion states that the amount sought represents "25% of Plaintiff's past-due benefits less fees already paid through the Social Security Administration." Dkt. 27-1 ¶ 14. Accordingly, the Court will limit the award of attorney's fees to the amount stated in the Motion—$15,758.25.

Nothing in the record suggests that the performance of Plaintiff's attorneys was substandard or that they delayed proceedings in an effort to increase the amount of fees awarded. After Plaintiff's attorneys filed a summary judgment motion on her behalf, the Commissioner stipulated to remand the case. On remand, Plaintiff won a substantial award of past-due benefits. Thus, Plaintiff's attorneys obtained a favorable result for Plaintiff in an efficient manner.

The Trustees state in their declaration that Plaintiff's attorneys spent a total of 42.78 hours representing Plaintiff before the Social Security Administration but "[t]hose hours are not included in the itemized time in [the billing records attached to the declaration], which is limited to time spent representing Plaintiff in federal court." Dkt. 27-1 ¶ 11 and Ex. F. The records of attorney time for the district court action reflect 40.35 hours billed by Judith Leland. Dkt. 27-1 at Ex. E.

The fee award of $15,758.25 for 40.35 hours of Judith Leland's time on this district court case translates to an hourly rate of approximately $391. Courts in this circuit have awarded fees under Section 406(b) with effective hourly rates as high as $1,000.00 to $1,500.00. *See McCullough*, 2018 WL 6002324, at *2 and cases cited therein. In this context, the fees sought in the Motion are reasonable.

Accordingly, the Court concludes that the request for $15,758.25 under section 406(b) is reasonable under the facts of this case. Plaintiff's attorneys are required to reimburse Plaintiff for all EAJA fees previously received.

## IV. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) The motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED** in the amount of $15,758.25; and

(2) Plaintiff's attorneys must refund Plaintiff the sum of $7,000.00 previously awarded as EAJA fees.

**SO ORDERED.**

Dated: March 1, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

4